IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | CASE NO. 2:05-CR-267-T |
| | * | |
| COREY HARVEY, | * | |
| | * | |
| Defendant. | * | |

## MOTION TO DISMISS

Comes now Defendant Corey Harvey (hereinafter "Defendant")and moves the Court to dismiss this cause, and as grounds therefor says as follows:

1. On November 7, 2005, the date of the Preliminary Hearing and Detention Hearing, undersigned counsel requested a copy of the affidavit used to obtain the search warrant that resulted in seizure of evidence to to be used against the Defendant. That request was made to government counsel. Undersigned was referred to Agent Neil Thompson. He did not provide the affidavit, telling undersigned counsel that he had discussed the matter with the "other" case agent, and that it had been decided that they would wait for "discovery" to produce it.

2. Undersigned counsel contacted Assistant United States Attorney Susan Redmond about it. She commented that the affidavit was public record, and that she should be able to get it to me. She did not.

3. Still trying to obtain the affidavit, staff for undersigned counsel contacted the Montgomery Municipal Court (the issuing court) and was told they had no record of the search warrant or affidavit.

4. Having no choice but to wait for discovery to be produced at arraignment pursuant to local rule, undersigned counsel found that discovery was not available at arraignment (November 30, 2005). Counsel for the government stated that the

        only thing in the file was the **affidavit for the arrest warrant**, that had already been provided to the defendants. The Court ordered the United States to produce required discovery by Friday, December 2, 2005.

5. Undersigned counsel recited the facts stated in paragraphs 1 through 3 above and requested a specific order related to the affidavit for search warrant. The Court ordered that the affidavit be produced by the end of the day on November 30, 2005. It was not produced.

6. On Friday, December 2, 2005, a staff member visited the United States Attorney's office to pick up the ordered discovery. She was told that it was not available. Late that date, she called to inquire about going back to pick-up the discovery. She was informed that it had been mailed.

7. The discovery package arrived by U.S. Mail this date. It contains only the aforementioned **affidavit for the arrest warrant**, and fails to comply with the orders of the court both as to the Order to produce the affidavit for the search warrant by the end of the day, November 30, 2005, and to produce the rest of discovery by December 2, 2005. In fact, no meaningful discovery had been provided.

8. The Defendant is incarcerated upon motion of the government and cannot defend himself adequately due to the failure of the government to comply with local rules and with case-specific Orders of this Honorable Court.

    WHEREFORE, Defendant Corey Harvey moves the Court to dismiss this cause and order his release from custody.

    Respectfully submitted this the 5th day of December, 2005.

                                  S/Bruce Maddox
                                  Bruce Maddox (MAD013)
                                  Attorney for Corey Harvey

Of Counsel:

Law Offices of Bruce Maddox
6728 Taylor Court
Montgomery, Alabama 36117
Phone: (334) 244-7333
Fax: (334) 260-9600

## **CERTIFICATE OF SERVICE**

⎯⎯⎯⎯I hereby certify that on this the 5th day of December, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Susan Redmond, Assistant United States Attorney, Donald G. Madison, and Susan James.

    Respectfully submitted.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯S/Bruce Maddox
Bruce Maddox (MAD013)
Attorney for Corey Harvey